## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>STEVEN MATHIS | No.: 1:22-cr-00129-LEW |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Chris Ruge, Assistant United States Attorney, and Steven Mathis (hereinafter "Defendant"), acting for himself and through his counsel, Jamesa J. Drake, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea/Dismissal of Counts.</u> Defendant agrees to plead guilty to the Superseding Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Superseding Indictment charges Defendant with Distribution of Child Pornography in count 1 and Promotion of Child Pornography in counts 2 through 4. The United States agrees that it will move to dismiss counts 2 through 4 of the Superseding Indictment pursuant to Rule 11(c)(1)(A) at the time of sentencing. The parties agree and understand that if the Court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charge described above are as follows:

    A.    A minimum prison term of 5 years and a maximum prison term of 20 years;

    B.    A maximum fine of $250,000;

    C.    A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea, a special assessment of $5,000 if the defendant is found not to be indigent, and an additional special assessment of up to $17,000; and

    D.    A term of supervised release of not less than 5 years and not more than life. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583, but if, Defendant is required to register under the Sex Offender Registration and Notification Act and commits an offense under Chapter 109A, 110, 117, or section 1201 or 1591, for which imprisonment for a term longer than one (1) year can be imposed, the court shall revoke supervised release and impose a term of not less than five (5) years. (18 U.S.C. § 3583(k)).

In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663, § 3663A, or 2259.

    3.  <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

    A. The 2023 edition of the Sentencing Guideline Manual shall apply.

    B. The parties agree to recommend that the Court order any prison sentence to be concurrent with any sentence imposed in <u>State of Maine v. Steven R. Mathis</u>, WALCD-CR-2021-00757.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, Defendant will not thereby be permitted to

withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Appeal Waivers</u>.  Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A.    Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B.    A sentence of imprisonment that does not exceed 240 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. <u>New Criminal Conduct</u>. Defendant agrees that he will not commit any other federal or state crime.

6. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal

      Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

  B.  Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

  7.  <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

  8.  <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including but not limited to one Apple iPhone.

  9.  <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is

4

allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

    I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 4-9-24

_____
Steven Mathis, Defendant

    I am legal counsel for Steven Mathis. I have carefully reviewed every part of this Agreement with Mr. Mathis. To my knowledge, Mr. Mathis's decision to enter into this Agreement is an informed and voluntary one.

Date: 4/9/2024

_____
Jamesa J. Drake, Esquire
Attorney for Defendant

FOR THE UNITED STATES:    Darcie N. McElwee
                          United States Attorney

Date: APR. 18, 2024

_____
Chris Ruge
Assistant U.S. Attorney

Approved:    _____
             Supervisory Assistant U.S. Attorney

5